# EXHIBIT

# A

Electronically Filed – Jackson – Independence – August 28, 2013 – 08:19 AM CMT+00:00

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**INDEPENDENCE DIVISION**

| | |
|---|---|
| MARY LAGAS, | ) |
| | ) Case No.: |
| Plaintiff, | ) Division: |
| vs. | ) |
| | ) Case Code: TI |
| VERISMA SYSTEMS, INC. | ) |
| Serve Registered Agent James Moore | ) |
| 510 W. 3rd Street, Suite 200 | ) |
| Pueblo, Colorado 81003 | ) |
| | ) |
| Defendant. | ) |

<u>**CLASS ACTION PETITION FOR DAMAGES**</u>

COMES NOW, Plaintiff Mary Lagas, on behalf of herself and as putative representatives of a Class of persons similarly situated, for the Petition for Damages for violation(s) of the Missouri Merchandising Practices Act, Negligence Per Se, Unjust Enrichment and Money Had and Received, allege and state as follows:

1. Plaintiff Mary Lagas ("Lagas") is an adult resident of Jackson County, Missouri.

2. Defendant Verisma Systems, Inc. ("Verisma") is a Delaware corporation with a Colorado registered agent of James Moore, 510 W. 3rd Street, Suite 200, Pueblo, Colorado 81003. Verisma did business within Jackson County, Missouri.

3. All acts and events complained of herein occurred in Jackson County, Missouri and therefore venue is proper in Jackson County, Missouri.

4. Each Plaintiff and each member of the Class have individually incurred damages in an amount less than $75,000.00. Neither Plaintiff nor any member of the Class seeks individual damages exceeding $75,000.00, nor do their damages individually exceed $75,000.00, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiff

and each member of the Class do not seek any form of "common" recovery, but rather individual recoveries not to exceed $75,000.00 for any member of the Class, inclusive of interest and attorney's fees and all relief of any nature sought hereunder.

5. Total damages in this case, including but not limited to all fees, statutory penalties, punitive damages and all other damages, will not exceed $5,000,000.

## FACTS COMMONS TO ALL COUNTS

6. All physicians, chiropractors, hospitals, dentists and other duly licensed practitioners in the State of Missouri, ("providers") are required by Missouri statute to furnish a copy of all medical records to the patient or the patient's guardian or legally authorized representative upon request.

7. Section 191.227 of the Missouri Revised Statutes prescribes the only fees that may be charged for furnishing such records:

> "2. Health care providers may condition the furnishing of the patient's health care records to the patient, the patient's authorized representative or any other person or entity authorized by law to obtain or reproduce such records upon payment for a fee for:
>
> (1) (a) Copying, in an amount not more than twenty-one dollars and thirty-six cents plus fifty cents per page for the cost of supplies and labor plus; if the health care provider has contracted for off-site records storage and management, any additional labor costs of outside storage retrieval, not to exceed twenty dollars, as adjusted annually pursuant to subsection 5 of this section; or
>
> (b) If the health care provider stores records in an electronic or digital format, and provides the requested records and affidavit, if requested, in an electronic or digital format, not more than five dollars plus fifty cents per page or twenty-five dollars total, whichever is less;
>
> (2) Postage, to include packaging and delivery cost; and
>
> (3) Notary fee, not to exceed two dollars, if requested."

8. Verisma is a for-profit provider of medical records and the release of health information.

Electronically Filed ~ Jackson ~ Independence ~ August 28, 2013 ~ 08:19 AM CMT+00:00

Electronically Filed – Jackson – Independence – August 28, 2013 – 08:19 AM GMT+00:00

9. Verisma maintains the medical records of patients and/or former patients.

10. Lagas was a customer of Verisma.

11. Lagas retained attorneys to represent her in a personal injury action in Jackson County, Missouri.

12. In 2013, Lagas' legal representatives utilized an executed medical authorization and requested that Verisma furnish a copy of Lagas' medical records.

13. Lagas was furnished medical records by Verisma.

14. Lagas duly received her medical records and an invoice for same from Verisma and paid that invoice in full.

15. Specifically, a fee of $41.44 was paid on behalf of Lagas in Jackson County, Missouri.

16. Defendant charged Plaintiff Lagas a certification fee of $10.00.

17. After resolution of Lagas' personal injury action, Lagas reimbursed her attorneys for the medical records that were paid to Verisma.

18. Verisma routinely overcharges for furnishing medical records.

19. Verisma routinely charges a certification fee of $10.00.

20. Verisma unlawfully charged Lagas and all Class members fees not allowable under Missouri law, including but not limited to "MO Certification" fees.

21. Through this Petition, Lagas seeks damages for amounts billed and paid, but not allowed by Missouri statute, and for disgorgement of monies that Verisma received as a result of its misconduct as alleged herein.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff expressly references paragraphs 1 through 21 and incorporates said paragraphs as if set out in full.

23.     Plaintiff brings this case on behalf of herself, and as a putative representative of a Class of persons defined as Missouri residents and businesses whom Verisma overcharged for the furnishing of medical records or whom Verisma unlawfully charged fees, in excess of those allowed in Mo. Rev. Stat. § 191.227 or any other applicable law, within the five-year period immediately preceding the date of this action.

24.     Excused from the above Class definition are defendant, any entity in which any defendant has a controlling interest, any of the officers, directors, or employees of defendant, the legal representatives, heirs, successors, and assigns of defendant, any of the officers, directors or employees of Verisma or any health care provider Verisma contracted with in the State of Missouri to maintain, copy, and distribute medical records of patients, any Judge to who this case is assigned and his or her immediate family, and Plaintiff's counsel.

25.     There are questions of law and fact common to the Class. These include but are not limited to:

(a)  Whether charging and collecting an amount in excess of the fees allowed by Mo. Rev. Stat. § 191.227 is an unfair practice within the meaning of the Missouri Merchandising Practices Act;

(b)  Whether all amounts and fees charged by Verisma in connection with furnishing of medical records are allowed under Missouri law;

(c)  Whether Verisma charges a certification fee and, if so, whether such charges are allowed;

(d)  Whether and to what extent Class members are entitled to damages; and

Electronically Filed – Jackson – Independence – August 28, 2013 – 08:19 AM CMT+00:00

(e) Whether an injunction is appropriate;

26.     A class action is appropriate because Plaintiff's clams are typical of the claims of the class.

27.     A class action is appropriate because the Plaintiff will fairly and adequately protect the interests of the members of the Class and has been fairly chosen to do so.

28.     A class action is appropriate because the prosecution of the separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

29.     A class action is appropriate because any adjudication with respect to an individual member of the Class would, as a practical matter, be dispositive of the interests of other members within the Class.

30.     A class action is appropriate because Plaintiff has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31.     A class action is appropriate in that questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     A class action is appropriate because the Class is so numerous that joinder of all members is impractical.

## COUNT I: VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

33.     Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 32 of this Petition.

34.     The Missouri Merchandising Practices Act (hereinafter "Act") provides in pertinent part that "(t)he act, use or employment by any person of any deception ... [or] unfair practice, or the concealment ... of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1 (2010).

35.     Under the Act, the term "merchandise" is broadly defined to include "any objects ... or services." Mo. Rev. Stat. § 407.020(4) (2010).

36.     Further, the Act provides that any person who purchases merchandise primarily for personal purposes and thereby suffers an ascertainable loss of money as a result of the use of a prohibited practice, is authorized to bring a civil suit for actual damages, punitive damages, attorneys' fees and/or such equitable relief as the court may order. Mo. Rev. Stat. § 407.025.1 (2010).

37.     Finally, the Act specifically authorizes such persons to bring a suit as representatives of all Class members similarly aggrieved. Mo. Rev. Stat. § 407.025.2 (2010).

38.     Plaintiff purchased medical records primarily for personal use within the meaning of the Act. Verisma's practice of overcharging for the furnishing of medical records is an unfair practice and/or concealment of material fact within the meaning of the Act, in that:

(a)  Verisma is overbilling in that Mo. Rev. Stat. § 191.227 sets forth the maximum amount the patient may be charged for furnishing a copy of his or her medical records, and does not authorize any additional fees, charges or taxes;

(b)  Verisma submits invoices that contain unauthorized charges in the form of a "MO Certification" fee; and

(c) Verisma does not advise consumers who order such records that the maximum fees that may be charged for furnishing records is set by Missouri law.

39.    Verisma has therefore violated the Missouri Merchandising Practices Act.

40.    As a direct result of Defendant violating the Missouri Merchandising Practices Act, Plaintiff and others sustained an ascertainable loss of money when they overpaid for their medical records.

41.    Defendant's violations of the Missouri Merchandising Practices Act were willful and knowing.

WHEREFORE, Plaintiff prays on behalf of herself and all others similarly situated for a judgment in her favor and against Defendant in such amount as is fair and reasonable, for punitive damages, for attorneys' fees as provided in Mo. Rev. Stat. § 407.025.2, for injunctive order enjoining the Defendant from continuing to overcharge Missouri residents for copies of their medical records, for costs and expenses, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE

42.    Plaintiff hereby repeats, re-alleges and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 41 of this Petition.

43.    Defendant is subject to the provisions of Mo. Rev. Stat. § 191.227 (the "Copy Fee Statute"), which expressly limits what may be charged for furnishing medical records.

44.    Defendant has charged more than the amount permitted under the Copy Fee Statute and has charged for specific fees, items and services that are not stated in the Copy Fee Statute and are, thus, expressly forbidden.

45. The conduct of Verisma in charging for services and items not allowable by the Copy Fee Statute as complained of herein is the type of conduct that the Copy Fee Statute is designed to protect.

46. Plaintiff is within the class of persons the Copy Fee Statute was designed to protect.

47. Verisma's billing practices as identified herein violate the Copy Fee Statute, and Verisma is negligent per se.

48. As a direct and proximate result of Defendant's violations of the Copy Fee Statute, Plaintiff and others similarly situated financial loss.

WHEREFORE, Plaintiff prays on behalf of herself and all others similarly situated for a judgment in their favor and against Defendant in such amount as is fair and reasonable, for injunctive order enjoining the Defendant from continuing to overcharge Missouri residents for copies of their medical records, an award of reasonable attorneys' fees, costs and expenses, and for such other and further relief as this Court deems just and proper.

## COUNT III: MONEY HAD AND RECEIVED/UNJUST ENRICHMENT

49. Plaintiff hereby repeats, re-alleges, and incorporates as if fully set forth herein the allegations of Paragraphs 1 through 48 of this Petition.

50. As a direct and proximate result of Defendant's improper and illegal billing for services not allowed by statute, as stated herein, Plaintiff and all members of the putative Class paid for fees and services for which they should not have been charged.

51. Plaintiff and others similarly situated conferred upon Defendant a benefit by paying the improper and illegal fees charged by Verisma to the detriment of Plaintiff and the Class members.

52.     Verisma realized and appreciated the benefit it had thus received.

53.     Verisma accepted and retained the benefit in violation of Missouri law and under circumstances in which retention without payment would be inequitable.

WHEREFORE, Plaintiff prays on behalf of herself and all others similarly situated for a judgment in their favor and against Defendant in such amount as is fair and reasonable, for injunctive order enjoining the Defendant from continuing to overcharge Missouri residents for copies of their medical records, an award of reasonable attorneys' fees, costs and expenses, and for such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

THE LAW OFFICES OF
STEPHEN R. BOUGH

By /s/  Stephen R. Bough
     Stephen R. Bough, #46239
     M. Blake Heath, #61939
     917 W. 43rd Street, Suite 100
     Kansas City, MO 64111
     (816) 931-0048 Phone
     (816) 931-4803 Fax
     stephen@boughlawfirm.com
     blake@boughlawfirm.com

     AND

     A. Scott Waddell, #53900
     Waddell Law Firm LLC
     2029 Wyandotte, Suite 100
     Kansas City, MO 64108
     816.221.2555 ph
     816.221.2508 fax
     scott@aswlawfirm.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed – Jackson – Independence – August 28, 2013 – 08:19 AM CMT+00:00